MURPHY, Circuit Judge,
dissenting.
I agree with part of the court’s opinion, but I respectfully dissent from the discussion in section A.3. and the conclusion that Brooks’ failure to warn claim is not preempted by federal law.
Simplex, the product on which Brooks’ lawsuit is based, is regulated by a comprehensive set of federal requirements. It is thus unlike the pacemaker in Lohr which had no federal requirement specific to the product. See Lohr at 493-94, 116 S.Ct. 2240. The Lohr pacemaker passed through a substantial equivalency process instead of the NDA process which Simplex underwent. See id. at 480, 116 S.Ct. 2240. During the NDA process the FDA reviewed, and in some instances drafted, every word of the product labeling for Simplex. This labeling cannot be changed without FDA approval. In the case of Simplex, unlike for the Lohr pacemaker, “the Federal Government [] weighed the competing interests relevant to the particular requirement in question, reached an unambiguous conclusion about how those competing considerations should be resolved ..., and implemented that conclusion via a specific mandate on manufacturers or producers.” Id. at 501, 116 S.Ct. 2240.
A state requirement of general applicability will be preempted under the MDA if there is a federal requirement specific to *968 the device and if the state requirement has the effect of imposing a substantive requirement on the device different from, or in addition to, the federal requirement. See id. at 500, 116 S.Ct. 2240. The failure to warn claim brought by Brooks seeks to impose a substantive requirement on Simplex because if it were to prevail, Howmedica would need to add warnings about the effects of inhaling methyl metha-crylate vapors during the mixing process in order to escape tort liability in Minnesota. This would be in addition to federal requirements since the labels reviewed and drafted by the FDA do not include these warnings. Thus, the substantive requirement sought by the failure to warn claim would be in addition to the federal requirement specific to Simplex, and the claim is preempted. This conclusion is consistent with results in other federal circuit courts which have conclúded that common law failure to warn claims are preempted by the MDA when the device has been approved after a PMA or NDA review. See Kemp v. Medtronic, Inc., 231 F.3d 216, 236-37 (6th Cir.2000); Mitchell v. Collagen Corp., 126 F.3d 902, 907, 913 (7th Cir.1997), cert. denied, 523 U.S. 1020, 118 S.Ct. 1300, 140 L.Ed.2d 467 (1998); cf. Papike v. Tambrands, Inc., 107 F.3d 737, 741-42 (9th Cir.1997) (failure to warn claim preempted by FDA labeling regulations regarding toxic shock syndrome), cert. denied, 522 U.S. 862, 118 S.Ct. 166, 139 L.Ed.2d 110 (1997). But see Goodlin v. Medtronic, Inc., 167 F.3d 1367, 1377 (11th Cir.1999) (failure to warn claim did not impose a substantive requirement).
In spite of the clear language of the statute which provides for preemption of any state requirement “different from, or in addition to, any requirement applicable under this chapter to the device,” 21 U.S.C. § 360k(a), the court says that Congress did not “really mean” the language be taken literally because it was concerned about safety. The legislative history shows, however, that the preemption provision was included within the MDA because of congressional concern that “if a substantial number of differing requirements applicable to a medical device are imposed by jurisdictions other than the Federal government, interstate commerce would be unduly burdened.” H.R.Rep. No. 853, 45 (1976). In respect to Simplex, the FDA worked closely with Howmedica and thoroughly reviewed and approved the warning labels. To permit state requirements to be added to those imposed by the federal government would frustrate congressional intent because it could result in conflicting labeling requirements in various states, confusion, and unwarranted expense to manufacturers and developers of medical devices.
Since the failure to warn claim in this case falls within the scope of the preemption provision of the MDA, I would affirm the judgment of the district court.